UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DEMARCUS D. FRIELS** | Case No. |
| Plaintiff | |
| VS. | Judge |
| **WARREN, INC.**<br>c/o Russell Warren, Registered Agent<br>707 North Fir<br>Collins, MS 39428 | Magistrate Judge |

**WARREN EQUIPMENT, INC.**
c/o Russell Warren, Registered Agent
2299 Highway 92 East
Plant City, FL 33566

**WARREN TRUCK EQUIPMENT, INC.**
c/o Russell Warren, Registered Agent
300 Planters Drive
Columbia, SC 29209

**WARREN TRUCK & TRAILER, INC.**
c/o Russell Warren, Registered Agent
2716 26th Street, North
Birmingham, AL 35207

**WARREN TRUCK & TRAILER, LLC**
c/o Art Henderson, Registered Agent
Highway 271, P.O. Box 425
Talco, TX 75487

**WARREN EQUIPMENT, INC. OF FLORIDA**
c/o Incorp Services, Inc.
3867 Plaza Towers Dr., 1st Floor
Baton Rouge, LA 70816

1

**DAIMLER TRUCK NORTH AMERICA LLC**
c/o CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

Defendants

## PLAINTIFF'S COMPLAINT

COMES NOW DEMARCUS D. FRIELS, hereinafter "Plaintiff", complaining of Defendants WARREN, INC., WARREN EQUIPMENT, INC., WARREN TRUCK EQUIPMENT, INC., WARREN TRUCK & TRAILER, INC., WARREN TRUCK & TRAILER, LLC, WARREN EQUIPMENT, INC. OF FLORIDA, and DAIMLER TRUCK NORTH AMERICA LLC, hereinafter "Defendants", and in support of his causes of action, respectfully shows unto the Court the following:

## THE PARTIES

1. Plaintiff DeMarcus D. Friels is a citizen of the State of Louisiana and an individual resident of Avoyelles Parish, Louisiana. Plaintiff resides at 674 Cocoville, Road, Mansura, LA 71350.

2. Defendant Warren, Inc. is a foreign corporation that does business in Louisiana. Defendant Warren, Inc. may be served by serving its registered agent c/o Russell Warren, Registered Agent, 707 North Fir, Collins, MS 39428.

3. Defendant Warren Equipment, Inc. is a foreign corporation that does business in Louisiana. Defendant Warren Equipment, Inc. may be served by serving its registered agent c/o Russell Warren, Registered Agent, 2299 Highway 92 East, Plant City, FL 33566.

4. Defendant Warren Truck Equipment, Inc. is a foreign corporation that does business in Louisiana. Defendant Warren Truck Equipment, Inc. may be served by serving its registered agent c/o Russell Warren, Registered Agent, 300 Planters Drive, Columbia, SC 29209.

5. Defendant Warren Truck & Trailer, Inc. is a foreign corporation that does business in Louisiana. Defendant Warren Truck & Trailer, Inc. may be served by serving its registered agent c/o Russell Warren, Registered Agent, 2716 26th Street, North, Birmingham, AL 35207.

6. Defendant Warren Truck & Trailer, LLC is a foreign corporation that does business in Louisiana. Defendant Warren Truck & Trailer, LLC may be served by serving its registered agent c/o Art Henderson, Registered Agent, Highway 271, P.O. Box 425, Talco, TX 75487.

7. Defendant Warren Equipment, Inc. of Florida is a foreign corporation registered to do business in Louisiana, and does business in Louisiana. Defendant Warren Equipment, Inc. of Florida may be served by serving its registered agent c/o Incorp Services, Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816.

8. Defendant Daimler Truck North America LLC is a foreign corporation registered to do business in Louisiana, and does business in Louisiana. Defendant Daimler Truck North America LLC may be served by serving its registered agent c/o CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

**JURISDICTION AND VENUE**

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity between Plaintiff and Defendants as each are residents of differing states.

10. This Court has specific personal and general jurisdiction over all Defendants. Defendants have done business in Louisiana, sold the specific vehicle and dump body in this case

and other products in Louisiana, and have committed negligent acts or omissions in Louisiana, as is further alleged below.

11. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants sell products in this District, a substantial portion of the tortious conduct occurred in this District, and the accident that gave rise to Plaintiff's injuries occurred in this judicial District, and no other district is proper as to all parties.

## FACTUAL BACKGROUND

12. On May 13, 2021 at approximately 3:50 pm, Plaintiff drove a 2015 Freightliner truck (Vehicle Identification Number 1FVHG3DV1FHGL9429) (hereinafter the "Subject Vehicle") in Rapides Parish Louisiana on Highway 71 approximately 8/10's of a mile away from Louisiana Highway 3250. The truck had a dump body attached to the chassis.

13. The dump body of the Freightliner vehicle caught on the bridge overpass of Interstate 49, causing the vehicle to leave the road and impact a concrete bridge pillar.

14. As a result of the collision, the Plaintiff suffered injuries as set forth below.

**COUNT I – VIOLATION OF THE LOUISIANA PRODUCTS LIABILITY ACT BY DEFENDANTS WARREN INC., WARREN EQUIPMENT, INC., WARREN TRUCK EQUIPMENT, INC., WARREN TRUCK & TRAILER, INC., WARREN TRUCK & TRAILER, LLC, AND WARREN EQUIPMENT, INC. OF FLORIDA**

15. Plaintiff incorporates all previously pled paragraphs as if set forth herein.

16. Plaintiff brings his claims as a claimant under the Louisiana Products Liability Act, La.Rev.Stat.Ann. § 9:2800.51 *et seq*, hereinafter "the Act."

17. Defendants WARREN, INC., WARREN EQUIPMENT, INC., WARREN TRUCK EQUIPMENT, INC., WARREN TRUCK & TRAILER, INC., WARREN TRUCK & TRAILER, LLC, and WARREN EQUIPMENT, INC. OF FLORIDA, individually or jointly, are manufacturers under the Act of all or portions of the Subject Vehicle, including but not limited to

the dump body, and its related operational systems, safety systems, and warnings. The components of the Subject Vehicle, and the Subject Vehicle are a product(s) under the Act.

18.     Defendants WARREN, INC., WARREN EQUIPMENT, INC., WARREN TRUCK EQUIPMENT, INC., WARREN TRUCK & TRAILER, INC., WARREN TRUCK & TRAILER, LLC, and WARREN EQUIPMENT, INC. OF FLORIDA share common ownership, management, employees, agents, control, facilities, design departments, operations, and funds. As a result, they are a joint venture, joint manufacturer, and are the alter ego of each other at all relevant times from 2014 to the present. In the alternative, one or more of these Defendants manufactured the Subject Vehicle, independently or jointly. Further, these entities are manufacturer(s) of the Subject Vehicle with Defendant DAIMLER TRUCK NORTH AMERICA LLC.

19.     Defendants WARREN, INC., WARREN EQUIPMENT, INC., WARREN TRUCK EQUIPMENT, INC., WARREN TRUCK & TRAILER, INC., WARREN TRUCK & TRAILER, LLC, and WARREN EQUIPMENT, INC. OF FLORIDA manufactured all or part of the Subject Vehicle by producing, making, fabricating, constructing, designing, selling, remanufacturing, reconditioning, or refurbishing all or portions of the Subject Vehicle. These Defendants, individually or jointly also labeled all or part of the Subject Vehicle as their own with the name "Warren." These Defendants held themselves out as the manufacturer(s) of the Subject Vehicle. These Defendants further exercised control over and influenced a characteristic of the design, construction, features, warnings and quality of the Subject Vehicle which caused or contributed to cause damage to Plaintiff.

20.     Plaintiff's use of the Subject Vehicle was a reasonably anticipated, foreseeable and intended use of the vehicle. Defendants have had knowledge for many years before manufacture of the Subject Vehicle that operators of its vehicles with its dump beds operate vehicles with the

5

dump beds both up and down, and that operators can be reasonably anticipated to operate these vehicles with the bed in differing positions on the highway depending on speed of the vehicle and the use of the vehicle. These Defendants should reasonably expect an ordinary person under the same or similar circumstances to operate the Subject Vehicle with its defects in the manner it was.

21. These Defendants owed a duty to Plaintiff to manufacture a product without unreasonably dangerous defects that would cause him injury, and all other duties under the Act.

22. At the time the Subject Vehicle left these Defendants' control, the Subject Vehicle was defective and unreasonably dangerous in its design, construction, manufacture, sale and warnings, and post-sale warnings.

23. These Defendants knew or should have known of the design, manufacturing, and warnings defects of the Subject Vehicle when it was sold, and at the time it left their control.

24. When balancing the risk and utility of the Subject Vehicle, these Defendants had the ability, technologically, physically, economically, and practically, to eliminate, reduce or warn of the dangers and defects of the Subject Vehicle. Alternative designs for prevention and warning of these known dangers sufficient to have prevented damages to the Plaintiff have existed for years prior to the manufacture of the Subject Vehicle including but not limited to transmission or engine limits or governors that do not allow the vehicle to drive at highway speeds with the dump bed raised, or lower the bed automatically, redundant warning light and audible systems, hard wired dual sensor and dual wired systems with audible and visual warnings to alert the operator when the dump bed is raised at road speeds or speeds over 10 miles per hour, and warnings that operators can see and hear in real time during operation.

25. The likelihood that the Subject Vehicle's design would cause Plaintiff's damages and the gravity of the Plaintiff's damages outweigh the burden on these Defendants of using these

alternative designs or other alternative designs, and such alternative designs will not adversely affect the utility or practical use of the product.

26.     These Defendants manufactured, designed, and sold the Subject Vehicle, or relevant parts of the Subject Vehicle that caused harm to the Plaintiff.  These unreasonably dangerous defects include but are not limited to the following:  failure to equip the Subject Vehicle with a transmission or engine limits or governor to prevent the vehicle from leaving a low gear with the dump bed raised to a level that may contact road obstacles; failure to equip the Subject Vehicle with a transmission or engine limits or governor to prevent the vehicle from going over a low speed of around 10 miles per hour with the dump bed raised to a level that may contact road obstacles; and failure to equip the Subject Vehicle with a dump bed sensor and control to lower the dump bed automatically when the vehicle achieves highway or road speeds; failure to place any or adequate wiring, sensors, audible speakers and warning lights that are robust enough to withstand foreseeable heavy use in the construction and hauling uses of the Subject Vehicle; and failure to coordinate with Daimler listed in Count Two on who would, should or could, install these systems in the Subject Vehicle.

27.     These Defendants failed to use reasonable care to provide adequate warning of the dangerous characteristics of the Subject Vehicle at the time the Subject Vehicle left their control. These Defendants failed to provide a warning system to the operator to know when the dump bed was raised or in the alternative failed to provide an adequate warning system to the operator to know when the dump bed was raised.  Defendants failed to provide adequate audio and visual warning for operators, and failed to use a redundant sensor, wiring and warning system to insure, despite known and foreseeable extreme use, wear and tear, and foreseeable damage to said systems that require dual systems to properly warn operators.  Further, a visual only system is inadequate

as designed by these Defendants and fails to adequately warn operators of the dump beds positions. These Defendants failed to coordinate with Daimler listed in Count Two on who would, should or could, provide these systems and warnings in the Subject Vehicle.

28. An adequate warning would have led an ordinary and reasonable operator to understand and contemplate the danger in real time to avoid it. Plaintiff would have avoided this collision if such a warning system(s) were in place.

29. These Defendants, after the Subject Vehicle left their control, acquired knowledge or continued to know of the characteristics of the Subject Vehicle that may cause damages to Plaintiff and others for the actions and omissions set forth above. These Defendants failed to act as a reasonably prudent manufacturer and are liable for the damage caused by their failure to use reasonable care to provide an adequate warning of such characteristics and dangers to the operators of the product after the Subject Vehicle left their control, violating their post-sale duty to adequately warn operators of these known defects and dangers. Defendants could have easily warned the purchaser of the Subject Vehicle of the need for warnings, adequate warnings, or available after-market warning systems.

30. These Defendants' actions and omissions set forth in this Count caused or contributed to cause in fact the Plaintiff's damages as set forth below and were the real, producing and proximate cause of his injuries and damages.

31. As a direct, producing and proximate result of the actions and omissions of the Defendants as set forth above, said elements of damage, in sum, total an amount in excess of $75,000 (exclusive of interest and costs), for which Plaintiff seeks to recover from Defendants including compensation for the following:

    a. Past and future medical expenses;

    b.    Past and future physical pain and suffering;

    c.    Permanent nature of the injury, including but not limited to permanent paralysis, confinement to bed or a wheelchair, and the resulting medical conditions related thereto;

    d.    Disfigurement;

    e.    Past and future loss of enjoyment of life due to paraplegia and the resulting medical conditions therefrom;

    f.    Loss of past and future wages, benefits and compensation, and loss of past and future earning capacity due to Plaintiff's permanent and total disability; and

    g.    All other damages allowed by law, including but not limited to pre and post judgment interest at the maximum rate allowed by law.

## COUNT II – VIOLATION OF THE LOUISIANA PRODUCTS LIABILITY ACT BY DEFENDANT DAIMLER TRUCK NORTH AMERICA LLC

32.    Plaintiff incorporates all previously pled paragraphs as if set forth herein.

33.    Plaintiff brings his claims as a claimant under the Louisiana Products Liability Act, La.Rev.Stat.Ann. § 9:2800.51 *et seq*, hereinafter "the Act."

34.    Defendant DAIMLER TRUCK NORTH AMERICA LLC, individually or jointly with the Warren entities listed above, is a manufacturer under the Act of all or portions of the Subject Vehicle, including but not limited to the dump body, and its related operational systems, safety systems, and warnings.  The components of the Subject Vehicle, and the Subject Vehicle are a product(s) under the Act.

35.    Defendant DAIMLER TRUCK NORTH AMERICA LLC manufactured all or part of the Subject Vehicle by producing, making, fabricating, constructing, designing, selling, remanufacturing, reconditioning, or refurbishing all or portions of the Subject Vehicle.  This

Defendant, individually or jointly, also labeled all or part of the Subject Vehicle as their own with the name. This Defendant held themselves out as the manufacturer of the Subject Vehicle. This Defendant further exercised control over and influenced a characteristic of the design, construction, features, warnings, and quality of the Subject Vehicle which caused or contributed to cause damage to Plaintiff.

36. Plaintiff's use of the Subject Vehicle was a reasonably anticipated, foreseeable and intended use of the vehicle, Defendant has had knowledge for many years before manufacture of the Subject Vehicle that operators of its vehicles with its dump beds operate vehicles with the dump beds both up and down, and that operators can be reasonably anticipated to operate these vehicles with the bed in differing positions on the highway depending on speed of the vehicle and the use of the vehicle. This Defendant should reasonably expect an ordinary person under the same or similar circumstances to operate the Subject Vehicle with its defects in the manner it was.

37. This Defendant owed a duty to Plaintiff to manufacture a product without unreasonably dangerous defects that would cause him injury, and all other duties under the Act.

38. At the time the Subject Vehicle left this Defendant's control, the Subject Vehicle was defective and unreasonably dangerous in its design, construction, manufacture, sale, warnings and post-sale warnings.

39. This Defendant knew or should have known of the design, manufacturing, and warning defects of the Subject Vehicle when it was sold, and at the time it left its control.

40. When balancing the risk and utility of the Subject Vehicle, this Defendant had the ability, technologically, physically, economically, and practically, to eliminate, reduce or warn of the dangers and defects of the Subject Vehicle. Alternative designs for prevention and warning of these known dangers sufficient to have prevented damages to the Plaintiff have existed for years

prior to the manufacture of the Subject Vehicle including but not limited to transmission or engine limits or governors that do not allow the vehicle to drive at highway speeds with the dump bed raised, or lower the bed automatically, redundant warning light and audible systems, hard wired dual sensor and dual wired systems with audible and visual warnings to alert the operator when the dump bed is raised at road speeds or speeds over 10 miles per hour, and warnings that operators can see and hear in real time.

41. The likelihood that the Subject Vehicle's design would cause Plaintiff's damages and the gravity of the Plaintiff's damages outweigh the burden on this Defendant of using these alternative designs or other alternative designs, and such alternative designs will not adversely affect the utility or practical use of the product.

42. This Defendant manufactured, designed, and sold the Subject Vehicle, or relevant parts of the Subject Vehicle that caused harm to the Plaintiff. These unreasonably dangerous defects include but are not limited to the following: failure to equip the Subject Vehicle with a transmission or engine limits or governor to prevent the vehicle from leaving a low gear with the dump bed raised to a level that may contact road obstacles; failure to equip the Subject Vehicle with a transmission or engine limits or governor to prevent the vehicle from going over a low speed of around 10 miles per hour with the dump bed raised to a level that may contact road obstacles; failure to equip the Subject Vehicle with a dump bed sensor and control to lower the dump bed automatically when the vehicle achieves highway or road speeds; failure to place any or adequate wiring, sensors, audible speakers and warning lights that are robust enough to withstand foreseeable heavy use in the construction and hauling uses of the Subject Vehicle, and failure to coordinate with the Warren entities listed in Count One on who would, should or could, install these systems in the Subject Vehicle.

43. This Defendant failed to use reasonable care to provide adequate warning of the dangerous characteristics of the Subject Vehicle at the time the Subject Vehicle left their control. This Defendant failed to provide a warning system to the operator to know when the dump bed was raised or in the alternative failed to provide an adequate warning system to the operator to know when the dump bed was raised. Defendant failed to provide adequate audio and visual warning for operators, and failed to use a redundant sensor, wiring and warning system to insure, despite known and foreseeable extreme use, wear and tear, and foreseeable damage to said systems that require dual systems to properly warn operators. Further, a visual only system is inadequate as designed by this Defendant and fails to adequately warn operators of the dump beds positions. This Defendant failed to coordinate with the Warren entities listed in Count One on who would, should or could provide these systems and warnings in the Subject Vehicle.

44. An adequate warning would have led an ordinary and reasonable operator to understand and contemplate the danger in real time to avoid it. Plaintiff would have avoided this collision if such a warning system(s) were in place.

45. This Defendant, after the Subject Vehicle left its control, acquired knowledge or continued to know of the characteristics of the Subject Vehicle that may cause damages to Plaintiff and others for the actions and omissions set forth above. This Defendant failed to act as a reasonably prudent manufacturer and is liable for the damage caused by their failure to use reasonable care to provide an adequate warning of such characteristics and dangers to the operators of the product after the Subject Vehicle left their control, violating its post-sale duty to adequately warn operators of these known defects and dangers.

46. This Defendant's actions and omissions set forth in this Count caused or contributed to cause in fact the Plaintiff's damages as set forth below and were the proximate cause of his injuries and damages.

47. As a direct, producing and proximate result of the actions and omissions of the Defendant as set forth above, said elements of damage, in sum, total an amount in excess of $75,000 (exclusive of interest and costs), for which Plaintiff seeks to recover from Defendant including compensation for the following:

   a. Past and future medical expenses;

   b. Past and future physical pain and suffering;

   c. Permanent nature of the injury, including but not limited to permanent paralysis, confinement to bed or a wheelchair, and the resulting medical conditions related thereto;

   d. Disfigurement;

   e. Past and future loss of enjoyment of life due to paraplegia and the resulting medical conditions therefrom;

   f. Loss of past and future wages, benefits and compensation, and loss of past and future earning capacity due to Plaintiff's permanent and total disability; and

   g. All other damages allowed by law, including but not limited to pre and post judgment interest at the maximum rate allowed by law.

## JURY DEMAND

48. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that all Defendants herein be duly cited in terms of law to appear and answer herein, or voluntarily appear and answer herein, and that upon final hearing of this matter that Plaintiff has a judgment against Defendants for the full amount of actual damages with pre- and post-judgment interest thereon at the maximum legal rate, for costs of court in this behalf expended, and for such other and further relief, special and general, at law and in equity, to which Plaintiff may show himself to be justly entitled.

Dated:  April 26, 2022

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**
By: */s/ Charles K. Cicero, III*
Charles K. Cicero, III LA#38237
650 Poydras Street, Suite 1400
New Orleans, LA 70130
(504) 681-9778 (telephone)
(713) 583-5388 (facsimile)
ccicero@potts-law.com
**ATTORNEYS FOR PLAINTIFF**